IN RE ESTATE OF AUGUST F. T. GESKE.
OTTO G. LICHTENBERG v. ELDA GESKE AND ANOTHER.[1]

December 26, 1941.

No. 32,992.

*J. V. Williams,* for appellants.
*Hall, Catlin & Gold* and *E. V. Molle,* for respondent.

[1]Reported in 1 N. W. (2d) 423.

GALLAGHER, CHIEF JUSTICE.

Appeal from a judgment of the district court affirming an order of the probate court of Lyon county admitting to probate and allowing the last will and testament of August F. T. Geske, deceased.

Testator died September 24, 1939, leaving surviving him one daughter, Bertha Geske Lichtenberg, and six grandchildren, the children of Emil C. O. Geske, a predeceased son of testator. In his will, made March 22, 1939, testator left $100 to each of the grandchildren and all the rest and residue of his estate, appraised at approximately $10,000, to his daughter, Bertha.

At the time of making his will and for some time prior thereto, testator lived with his daughter and her husband, Otto Lichtenberg, on testator's farm, which Otto and Bertha rented from him. In 1931 Bertha had come to care for her father, testator, and her mother, who had just suffered a stroke. Bertha's mother died in June 1932. Otto moved onto the farm in the fall of 1935, and from then until his death testator lived with Bertha and Otto. He was 86 years old when he made his will, rather hard of hearing, and suffering from a heart ailment.

The son, Emil, died in March 1939. Emil's farm adjoined testator's, and it appears from the testimony that they had been on friendly terms and remained so until Emil's death. Emil's children were also friendly with testator and called to see him occasionally. There was testimony that Emil and Otto had had a dispute over threshing and did not speak, but Otto testified that no mention of this was made to testator.

Before testator executed his will, he asked Otto to inquire at the bank as to who could be obtained to draw one. Attorney Molle was recommended. When testator went to Mr. Molle's office to have the will drawn, Otto accompanied him and was made executor.

Upon the death of testator, Otto, as executor, petitioned the probate court for admission of the will to probate. The court allowed the will and appointed Otto executor. Objections were

filed by the grandchildren on the grounds that testator was not of sufficient mental capacity to make a will and that it was executed by reason of undue influence exerted over him by Otto and Bertha. Upon appeal to the district court by Elda and Marvin Geske, two of the grandchildren, the order of the probate court was affirmed. The single question presented here is whether the evidence sustains the finding of the district court that testator at the time he made his will was "of sound and disposing mind and memory, and had testamentary capacity, and that said will was made and executed by the testator, freely and voluntarily, without influence, duress, coercion or oppression exercised over him by any person."

We have no doubt that the findings are amply supported by the evidence. Taking the evidence of mental incapacity in a light most favorable to appellants, it presents nothing more than a fact question. "It is elementary law that mere mental and physical weakness, caused by age or sickness, does not amount to mental incapacity, provided the party is capable of fairly and reasonably understanding the matter in hand." Schmidt v. Schmidt, 47 Minn. 451, 457, 50 N. W. 598, 600; In re Estate of Jernberg, 153 Minn. 458, 190 N. W. 990.

We regard it as equally clear that there is ample support in the evidence for the finding that testator was not unduly influenced in making his will. Much testimony of the due execution of the will appears in the record. Counsel for appellants, in his brief, concedes that "it is mainly a question of fact." Fischer v. Sperl, 94 Minn. 421, 103 N. W. 502, relied upon by appellants, presents different facts, and only holds that the issue of undue influence should have been left to the jury. It was not even suggested in that case that a question of law was presented. Undue influence must be influence of such a nature that it destroys the free agency of the testator so that the will expresses the mind and intent of someone else and not that of the testator. In re Estate of Mazanec, 204 Minn. 406, 283 N. W. 745; Schmidt v. Schmidt, *supra.* The evidence was sufficient to justify the finding of the trial court.

The judgment appealed from is affirmed.